HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BMO HARRIS BANK N.A., a national banking association, <br><br> Plaintiff, <br> v. <br><br> TOBIN & RIEDESEL LOGGING LLC, a Washington limited liability company; STEVE TOBIN, an individual resident and citizen of Washington; and, JOHN RIEDESEL, an individual resident and citizen of Washington, <br><br> Defendants. | No. 2:21-cv-00672-RAJ <br><br> **ORDER** |

### I.     INTRODUCTION

This matter comes before the Court on Plaintiff BMO Harris Bank N.A.'s ("Plaintiff" or "BMO Harris") Motion for Default Judgment against Defendants Tobin & Riedesel Logging, LLC ("Lessee") and Steve Tobin ("Tobin"). Dkt. # 16. Tobin and the Lessee did not respond. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

ORDER – 1

## II.  BACKGROUND

On May 21, 2021, Plaintiff filed its complaint for breach of contract, specific performance, and replevin, seeking damages and injunctive relief against Defendants. Dkt. # 1. Plaintiff alleged that Defendants defaulted on an agreement to lease vehicles by failing to return the vehicles at the end of the lease term, and that Tobin has failed to make payments under the lease pursuant to a guaranty agreement. Dkt. # 1 ¶ 12-25, Ex. A (Lease Agreement), Ex. C (Tobin Guaranty). Lessee was served with copies of the summons and complaint on June 12, 2021, and Tobin was served with the summons and complaint on November 19, 2021. Dkt. ## 9, 10. Lessee and Tobin failed to timely appear or take any action in this matter. On December 5, 2022, the Clerk of the Court entered an order of default against Lessee and Tobin.[1] Dkt. # 13.

After the filing of the complaint, Defendants delivered the vehicles to Alaska, where Plaintiff recovered them. Dkt. # 16, Ex. 1 ¶ 22. After notifying Defendants of the sale, providing them an opportunity to redeem the vehicles, and repairing and preparing the vehicles for resale, Plaintiff auctioned the vehicles at a public sale. *Id.* ¶ 24. Plaintiff applied the net proceeds of $24,261.39 to any outstanding late charges, fees, and payments. *Id.* ¶ 25-26. Consequently, Plaintiff no longer seeks relief under Counts I-III of the complaint. Dkt. # 16 at 2.

On April 4, 2023, Plaintiff filed the pending motion for default judgment. Dkt. # 16. Plaintiff requests a judgment awarding damages of $93,180.51, as well as delinquency charges accruing at the rate of $42.11 *per diem* since April 3, 2023, attorney fees of $18,298.50 and costs of $6,438.58. *Id.* at 7-8. Plaintiff relies on the declaration of Bryan J. Schrepel, a Litigation Specialist at BMO Harris Bank N.A., in support of its claim for monetary damages. Dkt. # 16, Ex. 1. In support of their request for attorneys' fees and costs, Plaintiff submits the Declaration of Natasha A. Khachatourians (local

---

[1] Defendant John Riedesel was voluntarily dismissed from this matter on December 20, 2022. Dkt. # 15.

ORDER – 2

counsel for Plaintiff), the Declaration of Aaron B. Chapin (national counsel for Plaintiff), and copies of invoices detailing fees and costs incurred in this action through February 2023.

### III.     DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is disfavored, as cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). However, when well-pleaded allegations in the complaint establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Further, Rule 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014).

In exercising its discretion on a motion for default judgment, the Court considers the *Eitel* factors: (1) the substantive merits of plaintiff's claims; (2) the sufficiency of the claims raised in the complaint; (3) the possibility of prejudice to the plaintiff if relief is denied; (4) the sum of money at stake; (5) the possibility of a dispute concerning material

ORDER – 3

facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *See Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). Here, the Court concludes that default judgment against Defendants is appropriate.

The Court considers the first three factors together. First, the merits of Plaintiff's substantive claim, and the sufficiency of the complaint, weigh in favor of granting default judgment. Plaintiff's Complaint makes the following allegations: On or about January 3, 2014, Lessee and non-party General Electric Capital Corporation ("GECC") entered into a Lease Agreement by which Lessee could lease vehicles from GECC or its affiliates. Dkt. # 1 ¶ 12, Ex. A (Master Vehicle Lease Agreement). One of GECC's affiliates, the GE CF Trust, also entered an agreement with Lessee. *Id.* ¶ 13. Defendant Tobin unconditionally guaranteed present and future performance of the Lessee under the Lease.[2] *Id.* ¶ 14, Ex. C (Tobin Guaranty). Lessee agreed to make monthly rental payments of $3,139.33 beginning on February 10, 2014 for a term of 60 months. *Id.* ¶ 18, Ex. B (Schedule A). As of December 1, 2015, GECC and its affiliates transferred and assigned to Plaintiff BMO Harris Bank N.A. all its rights, titles, and interests in and to its accounts with Defendants. *Id.* ¶ 17. Ex. E (Transfer Acknowledgement). In October 2018, Plaintiff notified Lessee that the lease term was scheduled to expire on February 9, 2019. *Id.* ¶ 23, Ex. F (October 1, 2018 Letter to Tobin Reidesel Logging LLC). However, at the end of the lease term, Lessee failed to either purchase or return the vehicles. *Id.* ¶ 24, Ex. G (October 2020 Notice of Default). Further, Tobin failed to make payments pursuant to the guaranty agreement. *Id.* ¶ 34. Based on these facts, the complaint is sufficient, and Plaintiff's substantive claims for breach of contract have merit. As to the possibility of prejudice to plaintiff if relief is

---

[2] Reidesel also unconditionally guaranteed the present and future performance of Lessee under the Lease. Dkt. # 1 ¶ 15, Ex. D (Riedesel Guaranty).

ORDER – 4

denied, without a default judgment, Plaintiff is left without recourse for Defendants' nonpayment under the lease.

In evaluating the fourth factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks $93,180.51 as of April 3, 2023, which reflects the amount due and owing under the lease after the application of the net proceeds from the sale of the vehicles, as well as accruing interest of 1.5% on unpaid amounts (reflected as "*per diem* delinquency charges"[3]), and attorneys' fees and costs[4]. Dkt. # 16-1 ¶ 47-48. For the claims listed in the complaint, the Court finds that the amount requested is reasonable.

Further, there is no indication for the Court that Defendants' failure to appear is the result of excusable neglect and Defendants have failed to appear and defend the action subsequent motions. W.D. WASH. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Defendant's failure to participate effectively hampers the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel*, 782 F.2d at 1472, and further supports default judgment.

The Court finds adequate support in the record for the amounts sought by Plaintiff. Accordingly, the Court grants to Plaintiff damages of $93,180.51. Further this Court grants delinquency charges of $42.11 per day from April 3, 2023 to the date of this Order, which adds $8,422 to the amount due under the parties' Lease. Finally, this Court awards Plaintiff $24,737.08 in attorneys' fees and costs, bringing the total award to

---

[3] *See* Dkt. # 16-1 (Schrepel Declaration ISO Motion for Default Judgement), Schedule 1.

[4] Federal courts sitting in diversity jurisdiction, as here, apply state law to determine whether attorneys' fees can be awarded. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883-884 (9th Cir. 2000). Washington law provides that a "prevailing party" in a breach of contract action may recover reasonable attorneys' fees and costs, RCW 4.84.330, and the parties' Lease provides for attorneys' fees and costs to be awarded to Lessor in the enforcement of its rights under the Lease. Dkt. # 1, Ex. A ¶ 18(b).

ORDER – 5

$126,339.59.

IV. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment against Tobin & Riedesel Logging, LLC and Steve Tobin. Dkt. # 16. Plaintiff is awarded $93,180.51 in damages, delinquency charges of $8,422, and attorneys' fees and costs of $24,737.08.

DATED this 25th day of October, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 6